UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>JESUS FELIX-HERAS,<br><br>         Defendant. | Case No.:  16cr1328- L<br><br>**ORDER DENYING MOTION TO DISMISS INDICTMENT UNDER SPEEDY TRIAL ACT  [ECF NO. 29.]** |
|---|---|

On October 28, 2016, Defendant, Jesus Felix-Heras, filed a Motion to Dismiss the Indictment under the Speedy Trial Act.  [ECF NO. 29.]  The Government filed an Opposition to the Motion on November 14, 2016, and Defendant filed his Response to the Opposition on November 21, 2016.  [ECF NOS. 36, 37.]  On December 28, 2016, Defendant filed Supplemental Briefing in support of his Motion.  [ECF NO. 41.]

For the reasons outlined below, the Court **DENIES** Defendant's Motion.

I. **PROCEDURAL HISTORY**

Defendant was arrested on April 3, 2016 and arraigned in case number 16-cr-0936-L. (Arraignment in 16-cr-0936-L [ECF NO 2.])  On May 3, 2016, the Government filed an Information charging Defendant with one count of Attempted Reentry by a Removed Alien in violation of 8 U.S.C. §1326(a) and (b).  (Information 16-cr-0936-L [ECF NO. 10.])  Defendant filed a Motion to Compel Discovery on May 9, 2016.  [ECF NO. 13.]

Defendant was thereafter charged by Indictment on June 9, 2016, in the present case with one count of Attempted Reentry of a Removed Alien in violation of 8 U.S.C. §1326(a) and (b); one count of Fraud and Misuse of Visas, Permits and Other Documents in violation of 18 U.S.C. §1546(a); and one count of Improper Entry by an Alien in violation of 8 U.S.C. §1325. [ECF NO. 1.] On June 15, 2016 the Court granted the Government's motion to dismiss the previously filed case, 16-cr-0936-L. [ECF NO. 21.] Shortly thereafter, on June 20, 2016, Defendant filed a Motion to Dismiss Count One of the Indictment pursuant to 8 U.S.C. §1326(d) and a Motion to Exclude Statements in the current case. [ECF NOS. 9, 10.]

On October 11, 2016, the Court conducted a Motion Hearing/Trial Setting hearing. At that hearing the Court stated it would decide the Motion to Dismiss the Indictment at a later time because section 1326(d) motions are complex, and noted that further information was required for the Court to make a determination regarding the Motion to Exclude Statement, which might necessitate holding an evidentiary hearing on the matter. (Defendants Supplemental Briefing, Exhibit A at 5 [ECF NO. 41-1.])   The Court issued an order on October 12, 2016, directing the Government to produce declarations from the Customs and Border Protection officers at secondary inspection which identified whether they were on notice that Defendant had used the documents of another person in his attempt to cross and whether they were in possession of the documents when they conducted their interview of him. [ECF NO. 23.]

In response to the Court's Order, the Government filed declarations from three United States Border Patrol officers on November 3, 2016.  [ECF NOS 26-28.] After review of the declarations submitted by Border Patrol Agents, the Court determined that an evidentiary hearing was required because the declarations did not sufficiently answer the question posed by the Court.  At the December 19, 2016 hearing, the Government stated it would not use Defendant's post-arrest statements for any reason, including in its case-in-chief and cross-examination.  (Def's Motion to Dismiss Ex B 10.)

1    While Defendant's Motion to Exclude was being litigated, he filed a Motion to
2 Dismiss the Indictment under the Speedy Trial Act on October 28, 2016.  [ECF NO. 29.]
3 On November 3, 2016, Defendant filed a Supplemental Document in support of his
4 Motion to Exclude Statement.  [ECF NO. 34.]  On November 23, 2016, the Court denied
5 Defendant's section 1326(d) Motion to Dismiss Count One of the Indictment.  [ECF NO.
6 38.]  On December 28, 2016, Defendant filed Supplemental Briefing in support of his
7 Motion to Dismiss the Indictment Under the Speedy Trial Act.  [ECF NO. 41.]

## II.    DISCUSSION

"The Speedy Trial Act of 1974 (Speedy Trial Act or Act), 18 U.S.C. § 3161 et seq., requires that a criminal defendant's trial commence within 70 days after he is charged or makes an initial appearance, whichever is later, see § 3161(c)(1), and entitles him to dismissal of the charges if that deadline is not met, § 3162(a)(2). *Bloate v. United States*, 559 U.S. 196, 198-99 (2010).  The Act excludes any period of delay which results from proceedings concerning a defendant, including "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. §3161(h)(1)(D).  The delay will automatically be excluded from the Speedy Trial Act calculation, no matter how unreasonable or unnecessary that delay might seem. *Henderson v. United States*, 476 U.S. 321, 330; *United States v. Clymer*, 25 F.3d 824, 830 (9th Cir. 1994).  "The threshold inquiry under *Henderson* is one of classification, i.e., whether the motion at issue falls within the class of motions that require a hearing, or whether it falls within the class of motions that do not require a hearing." *United States v. Medina*, 524 F.3d 974, 983 (9th Cir. 2008).  One exception to the rule requiring automatic exclusion is for "certain pro forma motions to compel discovery . . . where the motions required no decision by the district court 'unless and until future discovery disputes arose.'" *Id.* at 979.  "In such circumstances, the court may exclude no more than 30 days." *Id*.  However, a discovery motion will toll the Speedy Trial clock if there is a live dispute or if the motion is "continued until a date

certain or the happening of an event certain." *United States v. Sutter*, 340 F.3d 1022, 1028-29, 1032 (9th Cir. 2003).

If the motion requires a hearing "a district court must exclude…: (i) the period from the date the motion was filed to the conclusion of the hearing; (ii) the period from the conclusion of the hearing until the date the district court 'receives all the submissions by counsel it needs to decide that motion'; and (iii) the period from the last day of the period described in (i) or (ii), as applicable, until the court rules on the motion, but no more than 30 days." *Medina*, 524 F.3d at 978.

Defendant was charged by information in case number 16-cr-0936 on May 3, 2016, which the parties agree started the 70-day clock ticking. On May 9, 2016, Defendant filed a Motion to Compel Discovery in that case. After the present case was opened Defendant filed a Motion to Dismiss pursuant to section 1326(d) and a Motion to Exclude on June 20, 2016. Defendant contends that more than 70 days of non-excludable time will have passed under the Speedy Trial Act before the trial is set to begin on January 31, 2016, because only 30 days is excludable vis a vis the Motion to Compel Discovery, and another 30 days is excludable by virtue of the 1326(d) Motion and Motion to Exclude. (Def. Mot. 6-8; Supp. Brief. 8.) By Defendant's calculation, 213 days of non-excludable time will have elapsed before the case goes to trial. For the following reasons, the Court does not agree, and finds that 208 days are excludable, and 65 days of calculable time have elapsed.

### A. Motion to Compel Discovery

The parties agree that Defendant's Motion to Compel was a pro forma discovery motion that did not require a hearing, and therefore, a maximum of 30 days is excludable from the date it was filed, May 9, 2016. *Sutter*, 340 F.3d 1031. Accordingly, the Court excludes 30 days from the date the motion was filed.

//
//
//

4

### *B. Motion to Dismiss Count One of the Indictment and Motion to Exclude Statements*

Defendant argues that only 30 days should be excluded for the time the 1326(d) motion and Motion to Exclude were under advisement because no hearing was ultimately required to dispose of either motion. (Supp. Brief. 4.) Although the Government counters that the Court did in fact hold hearings on the motions, Defendant remarks that the Court "did not *need* those hearings to resolve the motions" pointing to the fact that during the October 11, 2016 hearing, the Court stated it would hear no argument and defer ruling on the 1326(d) motion because that type of motion is complicated, and only asked the government "a couple of factual questions, one of which the government did not know the answer to." (Supp. Brief 5.)

While Defendant is correct that the Court did not entertain argument on the 1326(d) motion, and ultimately issued an order solely on the moving papers, "the district court must exclude time while the motion is pending even if the court ultimately does not hold a hearing." *Medina*, 524 F.3d 983. Therefore, the Court finds a minimum of 30 days of excludable time may be factored into the calculation.

In addition, Defendant's Motion to Exclude Statements was actively being litigated during the October 11, 2016, hearing despite Defendant's contentions to the contrary, as indicated by the Court's inquiry into the facts surrounding the post-detention hearing which were essential to the disposition of the motion. At issue was whether the secondary officers knew that Defendant had attempted to use someone else's identification card, as the admissibility of his statements turned on this key fact. The Court asked Government counsel: "[W]hat did the secondary people know? I mean, it is at the border, and obviously, if they were aware that there was an issue regarding the identification of the wrong names, the case law appears that they have to Mirandize him first. And I think to a certain degree, it depends on what the people at secondary knew initially. So I'm having a problem with just the facts to get that done, and I might have to have an

evidentiary hearing for that purpose. But if I can get maybe a declaration by the parties as to what that was, I might be able to avoid that." (Def. Supp. Briefing, Ex B at 4-5.)

Defendant insists that the Court said it could decide the motion without an evidentiary hearing if the government submitted responsive declarations. Instead, it is clear from the transcript that the Court requested further information in the hopes that the declarations would eliminate the need for an evidentiary hearing. In light of the Court's questioning regarding additional factual information, it is apparent that the Court needed to conduct this hearing, therefore, the calculation for purposes of the Speedy Trial Act falls under the purview of *Medina* 524 F.3d at 979, and the time period of 113 days, beginning June 20, 2016, when Defendant filed his Motion to Exclude, until the Court conducted the hearing on the matter on October 11, 2016, is automatically excluded under section 161(h)(1)(F).

Because the government was unable to answer the Court's questions at the hearing, the Court issued an order on October 12, 2016, directing the government to file declarations from the officers that addressed whether they knew Defendant had used someone else's identification when they questioned him, to be filed no later than October 24, 2016. [ECF NO. 23.] The government submitted the declarations on October 28, 2016, four days late. [ECF NO. 26-28.] Where supplemental briefing is required, the additional time required to receive this briefing or additional factual materials, is excluded for purposes of the Speedy Trial Act. *Sutter*, 340 F.3d at 1030. Not allowing for the additional time it took the government to submit the filings, the 13 day time period between October 11, 2016, the conclusion of the hearing, and October 24, 2016, when the submissions were due, is excluded.

At that point, the Motion was again under advisement, allowing for an additional 30 days of excludable time. However, upon review, the Court determined that the declarations did not squarely address the question posed by the Court, and determined that an evidentiary hearing was necessary to procure the testimony of the secondary officers prior to ruling on the Motion. At the conclusion of the October 11, 2016 hearing, the Court set a Motion Hearing/Trial Setting hearing for December 5, 2016, which was

converted to an evidentiary hearing when the Court determined one was required. Due to the length of time required for the hearing, it was moved to December 19, 2016 to ensure sufficient time for witness testimony and cross-examination. On November 3, 2016, Defendant filed a Supplemental Document in support of his Motion to Exclude, an indication the Motion was still being actively litigated. [ECF NO. 34.]

As scheduled, the Court convened the parties on December 19, 2016, at which time the Government stated it would not be using the statements in its case-in-chief or on cross-examination, thereby mooting the Motion to Exclude. Defendant makes much of the fact that the Government ultimately determined it would not use the statements and notified the Court of that determination the morning of the hearing, however, for purposes of the Speedy Trial Act calculation, the Court could not have known, nor did it know, that the Government would obviate the need for the hearing by stating it would not use the statements for any purpose. For purposes of the Speedy Trial Act, the Court begins the final calculation when Defendant filed Supplemental Briefing on November 3, 2016, to the date of the hearing, December 19, 2016, yielding an additional 46 days of excludable time.

Although no clear criteria exists for circumstances like those at play here where a motion is filed, followed by a hearing, after which additional briefing is required, and an evidentiary hearing is convened but is ultimately unneeded due to a change in the parties positions, the Court finds that no Speedy Trial Act violation occurred due to the accumulation of excluded time. If the Court begins its calculation on June 20, 2016, the date the original Motion to Exclude was filed, ending at the completion of the evidentiary hearing on December 19, 2016, 182 days have elapsed. (h)(1)(D).  This total, combined with the 30 excludable days pursuant to the Motion to Compel Discovery, results in 212

7

16cr1328- L

excludable days.[1]  Since a total of 273 days have elapsed since the May 3, 2016 filing in case number 16-cr-0936-L and the conclusion of the evidentiary hearing on December 19, 2016, this leaves 61 days of non-excludable time, resulting in no violation of the Speedy Trial Act. *See generally* 18 U.S.C. §3161

Alternatively, if the Court breaks down the time from the filing of the Motion to Exclude, through the first hearing, and the filing of the officer's declarations, the calculation for excludable time is as follows:

| | |
|---|---|
| 30 days | Motion to Compel Discovery filed 5/9/16; |
| 113 days | Motion to Exclude filed 6/20/16 through first hearing date 10/11/16; |
| 13 days | Conclusion of hearing 10/11/16 through 10/24/16 declaration due date |
| 6 days | Motion under submission 10/28/16 through 11/3/16 Supplemental Documentation filed; |
| 46 days | Supplemental Documentation 11/3/16 through 12/19/16 Evidentiary Hearing; |

208 days of excludable time total.

As noted above, from the date of Defendant's arraignment on May 3, 2016 until the January 31, 2017 trial date, a total of 273 days have elapsed, of those, 208 are excludable due to ongoing litigation of the Defendant's motions, leaving 65 days of non-excludable time, therefore, even if all relevant time periods are accounted for individually, the Court finds no violation of the Speedy Trial Act has occurred.  *See Medina*, 524 F.3d at 978.

//
//
//
//

---

[1] Because the section 1326(d) motion was pending at the same time as the Motion to Exclude, the 30 days of excludable time allowed for this motion ran concurrent to the time the Motion to Exclude was pending, and is not counted toward the total excludable time.

### III.  CONCLUSION

In light of the above, the Court finds that two-hundred and seven (208) days are excluded from the running of the Speedy Trial Act clock, and sixty-six (65) days of non-excludable time have run of the seventy days (70) allowed under the Speedy Trial Act. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss Under Speedy Trial Act.  [ECF NO. 29.]

**IT IS SO ORDERED.**

Dated:  January 10, 2017

Hon. M. James Lorenz
United States District Judge